IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLENE WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.: _____ |
| SERENE REFLECTIONS FOR | ) |
| HOLISTIC BEHAVIOR | ) |
| WELLNESS, LLC and | ) |
| SHEILA HAWKINS | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Charlene Walker and files this lawsuit against Defendants Serene Reflections for Holistic Behavior Wellness, LLC and Sheila Hawkins (hereinafter collectively "Defendants"), and shows the following:

**I. Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay the federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

1

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period") and for filing of fraudulent tax information returns under 26 U.S.C. § 7434.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Serene Reflections for Holistic Behavior Wellness, LLC is a Georgia corporation with its registered agent, Sheila Hawkins, located at 777 Cleveland Avenue SW, Suite 204, Atlanta, GA, 30315. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 575 Juniper Street NE, Suite A, Atlanta, Georgia, 30308.

## III. Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time

2

period.

7.

Defendant Serene Reflections for Holistic Behavior Wellness, LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Sheila Hawkins, located at 777 Cleveland Avenue SW, Suite 204, Atlanta, GA, 30315.

8.

Defendant Hawkins may be served with process by delivering a copy of the summons and complaint to her office address at 777 Cleveland Avenue SW, Suite 204, Atlanta, GA, 30315.

### IV. Factual Allegations

9.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

11.

Defendants employed the named Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

13.

Defendant Serene Reflections for Holistic Behavior Wellness, LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Sheila Hawkins is the Owner of Serene Reflections for Holistic Behavior Wellness, LLC.

15.

Defendant Hawkins had discretion over Plaintiff's working hours and overtime compensation.

16.

Defendant Hawkins acts both directly and indirectly in the interest of Serene Reflections for Holistic Behavior Wellness, LLC and was in a supervisory position over Plaintiff.

17.

Defendant Serene Reflections for Holistic Behavior Wellness, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Hawkins is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

19.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

20.

Plaintiff began her second stint working for Serene Reflections for Holistic Behavior Wellness, LLC as a cook on or about August 15, 2013 earning $10 per hour until November 2014, when her employment terminated.

21.

Plaintiff worked more than 40 hours per week at the request of the owner Sheila Hawkins, but was not paid overtime for the hours beyond 40 per week.

22.

Plaintiff estimates she worked at least 20 hours per week of unpaid overtime hours.

23.

During the Relevant Time Period, Defendants paid Plaintiff straight time for

all hours worked.

24.

At all relevant times, Defendants failed to forward any withheld amounts to the appropriate state and federal government agencies.

25.

At all relevant times, Defendants were aware of their obligation to forward the withheld amounts to the appropriate state and federal government agencies.

26.

Defendants issued Plaintiff an IRS Form 1099, classifying Plaintiff's earnings as "nonemployee compensation."

27.

On information and belief, Defendants filed the aforementioned IRS Form 1099 with the Internal Revenue Service.

28.

The earnings amounts reported by Defendants on Plaintiff's 1099 were false.

29.

Defendants intentionally reported false amounts of Plaintiff's earnings on the aforementioned IRS Form 1099.

30.

Defendants misclassified Plaintiff's earnings as "nonemployee compensation" on the aforementioned IRS Form 1099.

31.

Defendants intentionally misclassified Plaintiff's earnings as "nonemployee compensation" on the aforementioned IRS Form 1099.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

32.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Violation of 26 U.S.C. § 7434.

34.

At all relevant times, Plaintiff was an employee of Serene Reflections for Holistic Behavior Wellness, LLC.

35.

In 2014 and 2015, Serene Reflections for Holistic Behavior Wellness, LLC willfully filed an IRS Form 1099 with the Internal Revenue Service classifying certain monies paid to Plaintiff in calendar years 2013 and 2014 as nonemployee compensation.

36.

Serene Reflections for Holistic Behavior Wellness, LLC misclassified Plaintiff's income as nonemployee compensation.

37.

Serene Reflections for Holistic Behavior Wellness, LLC's misclassification of Plaintiff's income as nonemployee compensation in the Form 1099 was false and fraudulent.

Serene Reflections for Holistic Behavior Wellness, LLC filed the fraudulent Form 1099 for its own wrongful enrichment, specifically to avoid payment of payroll tax contributions.

38.

As a result of Serene Reflections for Holistic Behavior Wellness, LLC's willful filing of the fraudulent Form 1099, Door Architects violated 26 U.S.C. § 7434(a). *See Seijo v. Casa Salsa, Inc.*, 2013 U.S. Dist. LEXIS 167205, 2013 WL

6184969 (S.D. Fla. Nov. 25, 2013); *Dean v. 1715 Northside Drive, Inc. et al.*, 1:14-cv-3775-CAP, Order on Motions for Summary Judgment, *6-9 (N.D. Ga. January 14, 2016).

39.

As a result of Serene Reflections for Holistic Behavior Wellness, LLC's violation of 26 U.S.C. § 7434(a), Plaintiff is entitled to damages in the amount of his actual damages, which have not yet been determined, or in any event no less than $5,000 pursuant to 26 U.S.C. § 7434(b).

40.

As a result of Serene Reflections for Holistic Behavior Wellness, LLC's violation of 26 U.S.C. § 7434(a), Plaintiff is entitled to his costs of litigation and reasonable attorney's fees pursuant to 26 U.S.C. § 7434(b).

41.

Plaintiff has provided a copy of this Complaint to the Internal Revenue Service as required by 26 U.S.C. § 7434(d).

### VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by

29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Enter judgment in the amount of $5,000 or actual damages, whichever is greater, under 26 U.S.C. § 7434 (b);

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 13th day of May, 2016.

                                         **THE SHARMAN LAW FIRM LLC**

                                         /s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff